IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-01152-WYD

JOSEPH LLOYD ALTEMUS,

      Applicant,

v.

RON LEYBA, Warden A.V.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant Joseph Lloyd Altemus is a prisoner in the custody of the Colorado

Department of Corrections at the Arkansas Valley Correctional Facility at Crowley,

Colorado.  Mr. Altemus has filed *pro se* an application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 challenging his Colorado state conviction and sentence.

On July 14, 2006, I ordered Respondents to file an answer to the habeas corpus

application.  On August 3, 2006, Respondents filed their answer.  On October 11, 2006,

Mr. Altemus filed a traverse to Respondents' answer.  On November 8, 2006,

Mr. Altemus filed a "Motion to Submit Supplemental Authority Pursuant to the Federal

Rules of Civil Procedure, Rule 7."  That motion will be granted.

I must construe the application and other papers filed by Mr. Altemus liberally

because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not

be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  After reviewing the entire file, I find that an evidentiary hearing is not necessary.  For the reasons stated below, the habeas corpus application will be denied.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Mr. Altemus was convicted pursuant to a plea agreement in the Mesa County District Court in 1988 of second degree kidnaping and attempted second degree murder and he was sentenced to two consecutive terms of twenty years in prison.  The Colorado Court of Appeals affirmed the judgment of conviction.  *See People v. Altemus*, No. 98CA1811 (Colo. Ct. App. Feb. 28, 2002) (not selected for publication) ("*Altemus I*").  On August 19, 2002, the Colorado Supreme Court denied Mr. Altemus' petition for writ of certiorari on direct appeal.

Mr. Altemus also has filed at least three postconviction motions in the trial court challenging the validity of his conviction and sentence.  In June 2001, while his direct appeal was pending, Mr. Altemus filed his first postconviction motion pursuant to Rule 35(a) and (c) of the Colorado Rules of Criminal Procedure.  The trial court denied that motion on October 3, 2002.  In December 2002 Mr. Altemus filed a postconviction motion pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure.  The trial court denied the Rule 35(b) motion on January 7, 2003.  Finally, on July 24, 2003, Mr. Altemus filed another postconviction Rule 35(c) motion that also was denied.  On November 3, 2005, the Colorado Court of Appeals affirmed the denial of the second Rule 35(c) motion.  *See People v. Altemus*, No. 04CA0754 (Colo. Ct. App. Nov. 3, 2005) (not selected for publication) ("*Altemus II*").  On March 13, 2006, the Colorado

Supreme Court denied Mr. Altemus' petition for writ of certiorari in connection with the second Rule 35(c) motion.

Mr. Altemus asserts three claims for relief in the instant action.  He first claims that his consecutive aggravated sentences are unconstitutional pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Mr. Altemus' second claim is that the prosecutor engaged in misconduct at sentencing and violated the plea agreement.  Mr. Altemus finally claims that he received ineffective assistance of counsel.  Respondents concede that the instant action is timely filed.  *See* 28 U.S.C. § 2244(d).

## II.  EXHAUSTION OF STATE REMEDIES

Respondents first argue that Mr. Altemus has failed to exhaust state remedies for his *Apprendi* claim.  Respondents specifically argue that the *Apprendi* claim is not exhausted because Mr. Altemus raised that claim in the state courts for the first time on appeal from the denial of his second Rule 35(c) motion.  Mr. Altemus argues that the *Apprendi* claim is exhausted because the claim was raised repeatedly in the state courts.  I need not resolve the issue of whether Mr. Altemus has exhausted state remedies for the *Apprendi* claim because, for reasons discussed later in this order, I find that the *Apprendi* claim lacks merit.  *See* 28 U.S.C. § 2254(b)(2).

## III.  STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1).  *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Mr. Altemus seeks to apply a rule of law that was clearly established by the Supreme Court at the time his or her conviction became final.  *See Williams v. Taylor*, 529 U.S. 362, 390 (2000) (Stevens, J., writing for the Court).  Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  *Id.* at 412 (O'Connor, J., writing for the Court).  If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  *See id.* at 404-05.

The "contrary to" clause allows a writ of habeas corpus to issue "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently that [the Supreme] Court has on a set of materially indistinguishable facts."  *Id.* at 413.  The "unreasonable application" clause allows a writ of habeas corpus to issue "if the state court identifies the correct

governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* My inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See id.* at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. Altemus bears the burden of rebutting the presumption by clear and convincing evidence.

I "owe deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.*

IV.  MERITS OF THE CLAIMS

Claim One

Mr. Altemus first claims that his consecutive aggravated sentences are unconstitutional pursuant to *Apprendi*.  He bases this argument on the fact that he received aggravated sentences for being convicted of crimes of violence even though he was not separately charged and convicted of any crime of violence counts.  In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Apprendi*, 530 U.S. at 490.  "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  *Blakely v. Washington*, 542 U.S. 296, 303 (2004).

As noted above, Mr. Altemus pled guilty to one count of second degree kidnaping and one count of attempted second degree murder and he was sentenced to twenty years in prison on each count.  Under Colorado law, both second degree kidnaping and second degree murder are *per se* crimes of violence.  *See People v. Banks*, 9 P.3d 1125, 1130 n.8 (Colo. 2000).  Therefore, Colorado law does not require that Mr. Altemus be separately charged and convicted of committing a crime of violence.  *See id*. at 1130.  Mr. Altemus does not challenge the fact that he was sentenced for each offense within the applicable range of ten to thirty-two years for a *per se* crime of violence.  As a result, Mr. Altemus was not sentenced to a term of imprisonment that exceeds the statutory maximum and there is no *Apprendi* violation.

-6-

Claim Two

Mr. Altemus contends in his second claim that the prosecutor engaged in misconduct at sentencing and violated the plea agreement. I first will address the portion of this claim in which Mr. Altemus asserts a violation of his plea agreement. Mr. Altemus asserts that his plea agreement consisted of two documents: the plea agreement itself and a letter to his attorney from the prosecutor. Mr. Altemus concedes that the plea agreement and the letter both stated that the sentencing range would be twenty to sixty-four years. In the letter the prosecutor stated his opinion that Mr. Altemus likely would receive a sentence in the range of twenty to thirty years. However, at the sentencing hearing the prosecutor argued that Mr. Altemus should receive the maximum sentence of sixty-four years in prison. Mr. Altemus contends that he relied on the prosecutor's statement in the letter that he likely would receive a sentence of twenty to thirty years when he entered his guilty plea and that the prosecutor violated the plea agreement when he asked the trial court to impose the maximum sentence.

Due process requires "that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). The issue in this action is whether the prosecutor's letter included a promise that induced Mr. Altemus to plead guilty and became part of the plea agreement. The Colorado Court of Appeals rejected this claim based upon its

factual determination that the prosecutor's letter did not constitute a promise that was part of the plea agreement.  *See Altemus II* at 14-16.

"A claim that the government has breached a plea agreement is a question of law."  *United States v. Werner*, 317 F.3d 1168, 1169 (10th Cir. 2003).  However, "[w]hether a promise is made in the context of a plea agreement is a question of fact." *Trussell v. Bowersox*, 447 F.3d 588, 591 (8th Cir. 2006).  Therefore, Mr. Altemus is entitled to relief on this claim only if the state court made "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2); *see Trussell*, 447 F.3d at 591.  Furthermore, as previously stated, state court factual findings are presumed correct and Mr. Altemus bears the burden of rebutting the presumption of correctness with clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

As noted above, the Colorado Court of Appeals in *Altemus II* determined that the prosecutor's statement in a letter to Mr. Altemus' counsel that Mr. Altemus likely would receive a sentence of twenty to thirty years did not constitute a promise that he would not argue for a longer sentence.  The state court reasoned as follows:

> Here, we agree with the trial court's determination that a reasonable person would not have understood the prosecutor's statement that defendant would likely receive a sentence in the neighborhood of twenty to thirty years to be a promise.  The court found that the plea agreement expressly stated that there were "[n]o sentence concessions" and that the document "constitutes the agreement in full."  Additionally, the document entitled "Request to Plead Guilty (Rule 11 Advisement)" signed by defendant stated that "[a]ny proposed plea agreement is fully set forth in the written plea agreement of the parties"

and described the sentencing range for each offense to be ten to thirty-two years.  Defendant represented within that document that his mental and physical health were satisfactory and that his decision to plead guilty was free, voluntary, and not the product of threat, coercion, undue influence, or force.  Even the letter from the prosecutor that purportedly contains the promise stated that the sentencing range under the offered plea agreement was twenty to sixty-four years and that the prosecution was unwilling to agree to any sentencing cap.  Also, there is no evidence in the record to suggest that defense counsel informed defendant that he would only be sentenced to twenty to thirty years under the proposed plea agreement.

Furthermore, defendant acknowledged to the court at the providency hearing that he had read and understood the agreement, that there was no agreement as to the sentence he would receive, that he understood the total sentencing range he faced was twenty to sixty-four years, that no other promises existed, and that he understood that the court was not bound by any promises not contained in the plea agreement.

The record establishes that a reasonable person would not have interpreted the prosecutor's statement as a promise.  Accordingly, we conclude that the record supports the trial court's determination that the statement did not constitute a promise, and so we will not disturb the trial court's conclusion that the prosecutor did not violate the plea agreement when he argued at the sentencing hearing that defendant should be given the maximum sentence.

*Altemus II* at 14-16.

Mr. Altemus clearly disagrees with the state court's factual determination that the prosecutor never promised not to seek a sentence in excess of twenty to thirty years. However, he fails to present clear and convincing evidence to rebut the presumption that the state court's factual determination is correct.  Therefore, I find that the state court did not make an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding.  Furthermore, in the absence of any promise not to argue for a maximum sentence, the prosecutor did not violate Mr. Altemus' plea agreement by seeking the maximum sentence and this claim must be dismissed.

I next will address the portion of Mr. Altemus' second claim in which he argues that the prosecutor engaged in misconduct at sentencing.  Mr. Altemus specifically argues that the prosecutor made false and misleading statements at the sentencing hearing regarding past domestic abuse by Mr. Altemus against his ex-wives and ex-girlfriend and that the trial court relied on the false and misleading information. Mr. Altemus asserts that the false and misleading information included statements that Mr. Altemus was "as dangerous an individual as he had ever prosecuted, certainly the most dangerous person I've ever prosecuted whose victim survived" and that "The next time he'll do it worse.  He'll do it better.  He'll control his victim better, and kill her." (Application at p.6l.)

Convicted defendants, including defendants convicted pursuant to a guilty plea, have a due process right to a fair sentencing procedure that includes the right to be sentenced on the basis of accurate information.  *United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948).  The Colorado Court of Appeals rejected this claim because Mr. Altemus "did not present any evidence to show that the prosecutor's argument used inaccurate or materially false information regarding defendant's prior domestic abuse of his ex-wives and ex-girlfriend."  *Altemus II* at 17.

Just like the state court's factual determinations in connection with Mr. Altemus' claim that his plea agreement was breached, the state court's factual determination that the prosecutor did not use inaccurate or materially false information at Mr. Altemus' sentencing hearing is entitled to a presumption of correctness.  Once again, although Mr. Altemus clearly disagrees with that factual determination, he fails to present any clear and convincing evidence to rebut the presumption that the state court's factual determination is correct.  Therefore, I find that the state court did not make an unreasonable determination of the facts in light of the evidence presented in the State court proceeding and this claim also must be dismissed.

Claim Three

Mr. Altemus finally claims that counsel was ineffective.  He argues in support of this claim that his attorney failed, in connection with Mr. Altemus' motion to withdraw his guilty plea, to present expert testimony regarding Mr. Altemus' mental state or evidence that Mr. Altemus had been pressured by his parents to plead guilty.  Mr. Altemus maintains that the expert testimony and evidence of pressure by his parents would have demonstrated that his plea was not knowing, intelligent, and voluntary.

It was clearly established when Mr. Altemus was convicted that a defendant has a right to effective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  To establish that counsel was ineffective, Mr. Altemus must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense.  *See id.* at 687-88.  "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.

There is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance."  *Id.*  It is the defendant's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances.  *See id.*  Under the prejudice prong, Mr. Altemus must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  If Mr. Altemus fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claim must be dismissed.  *See id.* at 697.  Finally, ineffective assistance of counsel claims are mixed questions of law and fact.  *See id.* at 698.

The Colorado Court of Appeals applied the proper standards from *Strickland* and rejected Mr. Altemus' claim that counsel was ineffective in connection with his motion to withdraw his guilty plea.  The state court specifically determined that Mr. Altemus failed to demonstrate any prejudice as a result of counsel's alleged ineffectiveness.  The state court explained its decision as follows:

> At the direction of his former counsel, defendant underwent a psychological evaluation by a forensic psychologist who drafted a report based on her findings and conclusions.  The psychological report stated that defendant's testing scores were not significant for psychopathy in that he only "scored in the 9th percentile in terms of his similarity to prison inmates as a total score." Testing also revealed "conning and manipulation, difficulties with empathy, and difficulties in accepting responsibility for his own actions."  Additionally, testing showed that defendant was "significant for impulsivity, poor behavior controls, irresponsibility and dependency upon others."

> It is important to note that neither the psychologist's report nor her testimony during the Crim. P. 35(c) hearing

indicated that defendant was criminally insane or not competent to proceed or to enter a plea.  Indeed, defendant admits in his reply brief that he is "not claiming that he was mentally incompetent or insane or that his mental illness induced his plea."

Defendant's argument that his counsel was ineffective must fail because we conclude, as did the trial court, that there is no reasonable probability that the result of the hearing on defendant's motion to withdraw his pleas would have been different even if defense counsel had presented evidence that defendant was pressured by his parents to plead guilty or evidence of defendant's psychological condition.  See Strickland v. Washington, supra.

The trial court determined that, even had defense counsel presented the report and testimony from the psychologist, it would not have allowed defendant to withdraw his pleas.  The trial court found that defendant had been informed both orally and in writing of his options, and the consequences of each option, and that he understood this information.  The court further found that defendant's reference to "a lot of years" at the providency hearing dispelled any doubt that he understood the consequences of pleading guilty.

The court appropriately applied the Strickland test to determine whether the outcome would have been different and, thereby, whether defendant was prejudiced.  We conclude that there is sufficient evidence to support the trial court's determination, and so we will not disturb its determination on appeal.

*Altemus II* at 6-8.

The state court's determination that Mr. Altemus failed to demonstrate any

prejudice from counsel's failure to present expert testimony regarding Mr. Altemus'

mental state or evidence that Mr. Altemus had been pressured by his parents to plead

guilty is not contrary to or an unreasonable application of *Strickland*.  Mr. Altemus fails

to demonstrate any reasonable probability that the trial court would have granted his motion to withdraw his guilty plea if evidence of his mental state or evidence that he was pressured by his parents had been introduced at his plea withdrawal hearing. Therefore, the ineffective assistance of counsel claim lacks merit and will be dismissed.

Finally, Mr. Altemus expands his ineffective assistance of counsel claim in his traverse to include additional instances of alleged ineffectiveness that were not raised in the habeas corpus application. Pursuant to Rule 2(c)(1) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Altemus was required to include all grounds for relief available to him in the original habeas corpus application. He may not raise new claims for relief in his traverse. Therefore, I will not consider the merits of the new ineffective assistance of counsel claims.

Furthermore, the new ineffective assistance of counsel claims raised for the first time in Mr. Altemus' traverse are barred by the one-year limitation period. As noted above, the instant habeas corpus application was filed within the one-year limitation period. According to Respondents, a total of 279 days counted against the one-year limitation period before the instant action was filed. According to my calculations, a total of 265 days counted against the one-year limitation period before the instant action was filed. I arrived at this 265-day total by adding the following: the thirty days between November 18, 2002,[1] when Mr. Altemus' conviction became final and December 19, 2002, when he filed his postconviction Rule 35(b) motion; the 152 days

---

[1] The time for filing a petition for writ of certiorari in the United States Supreme Court actually expired on November 17, 2002, but that day was a Sunday.

between February 21, 2003, when the time for appealing from the denial of the Rule 35(b) motion expired and July 24, 2003, when Mr. Altemus filed a postconviction Rule 35(c) motion; and the eighty-three days between March 13, 2006, when the Colorado Supreme Court denied certiorari review in the postconviction Rule 35(c) proceedings and June 5, 2006, when the Court received the instant action for filing.  The ineffective assistance of counsel claims Mr. Altemus raises in his traverse do not relate back to the original filing date of this action because they are new claims of ineffective assistance of counsel that do not clarify the ineffective assistance of counsel claim raised in the original application.  *See Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001).  Therefore, with respect to the new ineffective assistance of counsel claims raised by Mr. Altemus in his traverse, an additional 128 days, covering the time from June 5, 2006, until October 11, 2006, when the traverse was filed, count against the one-year limitation period.  As a result, I find that the new ineffective assistance of counsel claims raised by Mr. Altemus in his traverse also are barred by the one-year limitation period.

Accordingly, it is

ORDERED that the "Motion to Submit Supplemental Authority Pursuant to the Federal Rules of Civil Procedure, Rule 7" filed on November 8, 2006, is **GRANTED**.  It is

FURTHER ORDERED that the habeas corpus application is **DENIED** and the action is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated:  December 11, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge